**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>                          Plaintiff,<br><br>  v.<br><br>NATIONAL FOOTBALL LEAGUE,<br>WASHINGTON REDSKINS,<br>DANIEL SNYDER,<br><br>                        Defendants. | Case No. 20-cv-00062-BAS-LL<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING ACTION WITH PREJUDICE** |

On January 8, 2020, Plaintiff Ronald Satish Emrit, proceeding *pro se*, filed a civil Complaint and moved to proceed *in forma pauperis* ("IFP"). (Compl., ECF No. 1; Mot. for IFP, ECF No. 2.) For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for IFP and **DISMISSES** this action with prejudice.

**I. MOTION TO PROCEED IFP**

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. *See Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to

- 1 -

provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding no abuse of discretion where court required a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is unemployed and receives $829.00 per month in disability and $121.00 in other unspecified income. (IFP Mot. ¶¶ 1–2, ECF No. 2.) Although his monthly income of $950.00 exceeds his estimated monthly expenses of $635.00, he states that he has a negative balance of $700.00 in two bank accounts and no assets; he states that his two cars were "towed [and] maybe auctioned." (*Id.* ¶¶ 4, 5, 8.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. Thus, his Motion for IFP is granted.

## II. DISMISSAL OF ACTION

Under 28 U.S.C. § 1915(e)(2)(B)(i), courts must dismiss any action, "notwithstanding any filing fee, or any portion thereof, that may have been paid," if the action is "frivolous or malicious." A complaint is "frivolous" under this statute if it "merely repeats pending or previously litigated claims." *Dorsey v. Kreep*, No. 18-CV-02588-AJB-MSB, 2019 WL 6037420, at *3 (S.D. Cal. Nov. 14, 2019) (quoting *Cato v. U.S.* , 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)).

Upon review of the federal docket, the Court notes that Plaintiff has filed complaints nearly identical to the instant pleading, against the same Defendants, in other districts.[1] In these cases, listed below, the courts have acted on Plaintiff's IFP application, and, in some instances, dismissed his action:

- Middle District of Florida (Case No. 5:19-cv-00525-JSM-PRL), *appeal dismissed*, *Emrit v. Nat'l Football League*, Case No. 19-14936 (11th Cir. Dec. 10, 2019) (denying IFP and dismissing case for lack of subject-matter jurisdiction)
- District of Maryland (Case No. 8:19-cv-02968-PJM), *on appeal*, *Emrit v. Nat'l Football League*, Case No. 19-2434 (4th Cir. Dec. 16, 2019) (granting IFP and dismissing case as frivolous)
- Southern District of Iowa (Case No. 4:19-cv-00334-CRW-HCA), *on appeal*, *Emrit v. Nat'l Football League*, Case No. 19-3705 (8th Cir. Dec. 18, 2019) (denying IFP)
- District of Columbia (Case No: 1:10-cv-03086-UNA), *on appeal*, *Emrit v. Nat'l Football League*, Case No. 19-7165 (D.C. Cir. Dec. 20, 2019) (granting IFP and dismissing for lack of standing)
- Eastern District of Virginia (Case No. 1:19-cv-01302-CMH-TCB), *on appeal*, *Emrit v. Nat'l Football League*, Case No. 20-1040 (4th Cir. January 14, 2020) (granting IFP)
- District of Massachusetts (Case No. 1:19-cv-12272-PBS), *on appeal*, *Emrit v. Nat'l Football League*, Case No. 20-1079 (1st Cir. Jan. 24, 2020) (dismissing action without prejudice and denying IFP as moot)

In addition, Plaintiff previously filed three identical complaints—stating the same

---

[1] The Court takes judicial notice of the docket, accessed online via the PACER Case Locator at https://pcl.uscourts.gov/pcl/index.jsf. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record"); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). The Court's searched the docket using Plaintiff's full name and accessed the pleadings for each case using the relevant district's electronic filing system.

allegations against the same Defendants—that are pending before other district courts:

- District of Hawaii (Case No. 1:20-cv-00008-LEK-WRP) (filed January 6, 2020)
- District of Oregon (Case No. 6:20-cv-00024-MK) (filed January 6, 2020)
- District of Alaska (Case No. 5:20-cv-00001-SLG) (filed January 7, 2020)

In light of the fact that all allegations in Plaintiff's instant Complaint have been previously litigated or are already pending before other courts, the Court dismisses this action with prejudice. *See Cato*, 70 F.3d at 1105 n.2 (finding that the district court had "an independent ground for dismissal" of a complaint where the plaintiffs previously filed complaints with the same allegations that were dismissed by different judges under former § 1915(d)); *see also Emrit v. Universal Music Grp.*, Case No. 3:19-cv-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019) ("'Under the [first-to-file] rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy.'") (quoting *Cedars–Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)).[2]

## III. CONCLUSION AND ORDER

For the reasons explained, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

(2) **DISMISSES WITH PREJUDICE** this civil action;

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

**DATED: February 10, 2020**

Hon. Cynthia Bashant
United States District Judge

---

[2] The Court further notes, as did the District Court for the District of Massachusetts, that this action should be dismissed in any event because it appears venue is improper under 28 U.S.C. § 1391(b). *See Emrit v. Nat'l Football League*, Case No. 1:19-cv-12272-PBS (D. Mass. Dec. 6, 2019).